UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Thomas Peffer**<br>4845 Columbia, #303<br>North Olmsted, Ohio 44070<br><br>**Plaintiff,**<br>v.<br><br>**Receivables Performance Management, L.L.C.**<br>20816 44th Avenue<br>West Lynnwood, Washington 98036<br><br>and<br><br>**JOHN AND JANE DOES 1-10**<br><br>**Defendants.** | CASE NO.: 1:14-cv-1687<br><br>JUDGE<br><br>**COMPLAINT**<br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

Here comes Plaintiff Thomas Peffer, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant Receivables Performance Management, L.L.C. (hereinafter "Defendant") and Defendant John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

### JURISDICITON

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Thomas Peffer (hereafter "Plaintiff"), is an adult individual whose residence is in North Olmsted, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Receivables Performance Management, L.L.C. ("RPM"), is a Washington business entity with an address of 20816 44th Avenue, West Lynnwood, Washington 98036, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Defendants John and Jane Does 1 - 10 are the individual collectors for the RPM, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

7. RPM at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Verizon (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to RPM for collection, or RPM was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. RPM Engages in Harassment and Abusive Tactics

### FACTS

12. Within the last year, RPM contacted Plaintiff in an attempt to collect the Debt.

13. On or around January 14, 2014, Plaintiff agreed to settle the Debt for the total amount of $75.00. RPM agreed to remove the Debt from Plaintiff's credit report. Plaintiff requested that the agreement be confirmed in writing; however RPM failed to provide Plaintiff with a written confirmation.

14. On January 17, 2014, Plaintiff paid the Debt as previously agreed.

15. On March 5, 2014, Plaintiff called RPM to request that the agreement to delete the Debt from his credit report be honored.

16. RPM responded that despite the settlement agreement, Plaintiff still owed the debt and demanded that Plaintiff pay the full $500.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### (Violations of the Fair Debt Collections Practices Act)
### (15 U.S.C. § 1692, et seq.)

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

22. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

23. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

24. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### (Violation of the Ohio Consumer Sales Practices Act ("OCSPA"))
### (O.R.C. § 1345.01, et seq.)
### (Against Defendants United only)

26. The Plaintiff incorporates by reference all of the above paragraphs as if fully restated herein.

27. The Plaintiff is a "Consumer" as defined by O.R.C. § 1345.01(D).

28. The Defendant is a "supplier" as defined by O.R.C. § 1345.01(C).

29. At all relevant times the Defendant was engaged in a "consumer transactions" as "suppliers" as defined in O.R.C. § 1345.01(A).

30. O.R.C. §1341.02 prohibits "suppliers" from using unfair or deceptive practices.

4

31. O.R.C. §1341.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

32. Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

33. Defendants' debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

34. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants is subject to punitive damages.

35. Defendants' acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above-cited provisions and as such Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;
2. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F)(1) against Defendants;
3. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);
4. Punitive damage; and
5. Such other and further relief as this Court may determine to be just and proper.

Dated: August 1, 2014

        Respectfully submitted,

        By:   /s/ *Sergei Lemberg*

        Sergei Lemberg, Esq.
        LEMBERG & ASSOCIATES, L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        Email: slemberg@lemberglaw.com
        Attorneys for Plaintiff:
        Thomas Peffer

## JURY DEMAND

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

        /s/ *Sergei Lemberg*
        Sergei Lemberg, Esq.